Ex parte WEBB.

No. 324.

United States District Court
D. Hawaii.
June 22, 1949.

Hyman M. Greenstein, Honolulu, T. H., for petitioner.

Ray J. O'Brien, United States Attorney, District of Hawaii, Howard K. Hoddick, Assistant United States Attorney, District of Hawaii, Honolulu, T. H., for respondent.

McLAUGHLIN, District Judge.

In this habeas corpus matter the facts are that:

1. Webb, seaman, U. S. N., was:

(a) Arrested for "safekeeping" September 8, 1948.

(b) Given a Captain's Mast September 10, 1948, after which his commanding officer recommended that he be court martialed.

(c) On September 17, 1948, sent to the Marine Brig for confinement. The commitment papers made out by the Barber's Point Naval Air Station legal officer at the direction of the commanding officer stated that Webb was to be confined "awaiting trial by general court martial."

2. On January 4, 1949—117 days later—the Commandant of the Fourteenth Naval District accepted the recommendation, issued an order for trial to a court convened by his authority, and preferred the charge of arson with three specifications against Webb.

3. Webb on January 5, 1949, was placed under arrest for trial and served with the charge and specifications.

4. Upon this charge he was tried before the court martial April 5, 1949, and by it convicted of two of the three specifications. The Admiral approved the findings of the court but reduced the sentence, in view of the petitioner's prior good record, the court's recommendation for clemency, and in light of the period which had elapsed before Webb could be tried.

Upon these facts it is prayed that the writ issue because the conviction is a nullity in that

(a) Art. 43 for the Government of the Navy, 34 U.S.C.A. § 1200, was violated, for when on September 17, 1948, Webb was held "awaiting trial by general court martial" he was not served with charges and specifications.

(b) The 117-day delay in charging Webb violated his constitutional right to a speedy trial and thus vitiated the subsequent conviction.

As stated in the oral opinion, neither ground of the petition warrants the issuance of the writ.

Art. 43 was not violated. Obviously a description in Webb's service record to the effect he was being confined (from September 17 to January 5) "awaiting trial by general court martial" was a mistake. No one can be held in this status until one having the authority to order a person charged and tried before a court martial has so directed. In this instance that event did not occur until January 4, following which for the first time Webb was arrested for trial and served with a copy of the charge and specifications. The fact of the matter is, as revealed by the evidence, that between September 8 and September 17 Webb was confined for "safekeeping" pursuant to powers contained in Art. 1, while thereafter, his commanding officer having recommended that he be court martialed, the commitment papers should have properly described his confinement as "pending action by higher authority," to wit, the action of the Admiral upon the recommendation. As long ago decided by the Supreme Court, under

Navy procedure there are two arrests possible, and it is only when the accused is arrested for trial that Art. 43 requires the simultaneous serving upon the accused of the charges and specifications. Here Art. 43 was fully complied with on January 5. See United States v. Smith, 1905, 197 U.S. 386, 25 S.Ct. 489, 49 L.Ed. 801 and 10 Op. Attys.Gen. 472.

 The long delay in charging Webb also did not affect the court martial jurisdiction, or so violate Webb's right to a prompt trial upon definite charges as to call for the issuance of the writ by this court.

 In this regard the petition is not timely. Had it been brought during the 117-day period during which Webb was confined awaiting the action of the Admiral upon the recommendation that Webb be court martialed, the court would have had then for consideration the question of whether or not upon the facts and circumstances the failure to charge Webb promptly was reasonable or unreasonable. If it was found to have been the latter, the writ could issue, as the Navy too should not hold a man indefinitely without just cause without charging him and bringing him to trial within a reasonable time thereafter. Here, even if it be assumed that the question is still open at this late date, the facts and circumstances show both the time which elapsed before charging Webb and the time which intervened between that date and the date of the trial to be fully justified and explained by the following facts:

1. Prior to September 8 there had been four suspicious fires at Barber's Point Naval Air Station where Webb was stationed.

2. After an initial investigation and a statement by Webb, he was confined for "safekeeping."

3. Before acting upon the recommendation that Webb be court martialed, the Admiral directed the Judge Advocate and others to make a second and extensive investigation of the cause of the fires and report to him. Due to the shortage of Navy personnel this second investigation took a considerable amount of time, for it was a task assigned to several people, including the Judge Advocate, to be performed by them in addition to their regular duties.

4. Though arrested for trial and charged on January 5, it was not possible to bring Webb to trial until April 5 due to the necessity of disposing of prior cases before the same court martial, which were also being handled by the same Judge Advocate who prosecuted Webb.

For the reasons recited the petition is denied.